Bravo, Plaintiff and Appellee, *v.* Martínez Brothers, Defendants and Appellants.

Appeal from the District Court of Mayagüez in an Action for Cancelation of Mortgage. — Motion to Dismiss the Appeal.

No. 2956.—Decided February 8, 1923.

Appeal—Notice of Appeal—Adverse Party.—The adverse party to whom notice of an appeal should be given is one who would be unfavorably affected by a reversal and it was held in this case that two defendants who with the appellant are successors in interest by reason of an obligation contracted by their ancestor are not adverse parties.

Id.—Id.—Discretion of Court.—If in answer to a motion for dismissal of the appeal for failure to give notice to adverse parties the appellant shows by a certificate that notice was given to them although it does not appear in the record, the Supreme Court should exercise its discretion to admit the certificate and refuse to dismiss.

The facts are stated in the opinion.

*Mr. G. Altiery* for the appellants.

*Mr. J. Sabater* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A complainant after a trial in which none of the defendants appeared obtained a judgment against all. One of the defendants, some two years after, alleging nullities, moved to set aside the judgment. The court overruled the motion and the particular defendant appealed. This is a motion to dismiss.

The ground of the motion is that the appellant has failed to notify all the necessary parties. The cause of action originally was against a partner in a commercial firm and this appellant and other defendants were respectively the widow of the partner and the heirs of the latter. These other defendants are the parties who the appellee says should have been notified of the appeal. No such notice appeared in the original transcript.

Section 296 of the Code of Civil Procedure provides for a notice of appeal on the adverse party or his attorney. Adverse party means one who has an interest adverse to the appellant and would be unfavorably affected by a reversal. *Candelas* v. *Ramírez,* 20 P. R. R. 31; *Calafar* v. *Succession of Morales,* 22 P. R. R. 458; *Ninlliat* v. *Suriñach,* 25 P. R. R. 509, and cases; *Diamond Bank* v. *Van Meter et al.,* A. E. Ann. Cas. 1273, and elaborate note; 3 C. J. 1220 *et seq.*

The foregoing ground was not presented by appellant, but as it was jurisdictional we feel bound to examine it *motu proprio.* The appellant, however, presents a certificate from the secretary of the district court wherein it is shown that the two defendants were in fact notified. We should exercise our discretion to admit this certificate and, the actual notice existing, refuse to dismiss for that reason as well.

The motion to dismiss must be overruled.

*Motion overruled.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.